UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lindy Tidwell, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:19-cv-164-BHH |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Portfolio Recovery Associates, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

1. This is an action brought by Plaintiff, Lindy Tidwell, for actual and statutory damages, attorneys' fees, and costs for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. Plaintiff, Lindy Tidwell, is a resident and citizen of the State of South Carolina, Georgetown County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. 1692a(3).

4. Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "Portfolio") is a Virginia Corporation who is not registered to do business in South Carolina. Defendant Portfolio may be served with process by way of its CEO, Steven D. Fredrickson, at its corporate headquarters, 120 Corporate Blvd., Norfolk, VA 23502. Defendant Portfolio is a "debt collector" as that term is defined in 15 U.S.C. 1692a(6) and is regularly engaged in the collection of debts.

## FACTUAL ALLEGATIONS

5. Starting in July, 2016, May, 2017, and from January, 2018, and continuing through October, 2018, respectively, Defendant Portfolio began calling Plaintiff in an attempt to collect alleged debts. Plaintiff has never had an account with Defendant, has never entered into any agreement with Defendant, has never provided any telephone number to Defendant, and has never consented to receive telephone calls from Defendant.

6. Defendant Portfolio made telephone calls to Plaintiff from 47 different phone numbers in an attempt to collect an alleged debt. These numbers are as follows: 205-396-3627, 404-865-3247, 412-847-5582, 440-638-5676, 510-343-5211, 847-737-4494, 859-795-3413, 620-263-3546, 847-737-4494, 630-449-7394, 303-731-2610,

951-824-7073, 770-752-4103, 770-462-2198, 859-635-4142, 760-849-4216, 407-374-2319, 610-628-2231, 713-481-7244, 518-419-6729, 469-680-3393, 312-386-7439, 770-308-4228, 954-624-8593, 323-316-2651, 323-892-2628, 347-394-2384, 517-219-1107, 859-340-1606, 469-609-4027, 314-332-2122, 321-800-4397, 517-781-4962, 770-752-4130, 760-733-8832, 630-256-8591, 703-592-6863, 469-828-6392, 973-854-2716, 248-237-3513, 859-838-4299, 240-580-2829, 346-231-1681, 281-816-6415, 410-988-4020, 862-227-9892, and 703-592-3826.

7. From July, 2016 through October, 2018, Defendant called Plaintiff 113 times in an attempt to collect an alleged debt.

8. On or about August 29, 2017, Defendant Portfolio spoke with Plaintiff and stated that it was calling to collect on debts which Defendant Portfolio alleged originated with JCPenney, Old Navy, and The Gap. During this telephone call, Plaintiff specifically instructed Defendant Portfolio to stop calling her cell phone.

9. In spite of Plaintiff's instruction to Defendant Portfolio to stop calling, Defendant Portfolio continued to intentionally call Plaintiff on her cell phone in an attempt to collect alleged debts from Plaintiff.

10. The relentless telephone calls made by Defendant to Plaintiff in an attempt to collect alleged debts were all made with the intent to harass, annoy or coerce Plaintiff into paying said alleged debts.

11. The calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

12. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service. Additionally, Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

13. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). Defendant knew, or should have known, that it was calling Plaintiff's cellular telephone numbers without express consent. Additionally, any consent Defendant claims to have received was revoked by Plaintiff during the telephone calls happened upon her by Defendant.

14. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

15. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

16. Plaintiff received no notice of any class action litigation against Defendant and hereby opts out of any class action that is currently pending or that may be filed thereafter.

## COUNT ONE
### (Violation of the Fair Debt Collection Practices Act)

17. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 16 as if set forth fully herein.

18. From January 3, 2018 through October 10, 2018, Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiff and an alleged consumer debt. Defendant is a debt collector as that term is defined in 15 U.S.C. 1692a(6) and is regularly engaged in the collection of debts.

19. Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

20. Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

21. As a proximate result of Defendant's actions, the Plaintiff was caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which she seeks the maximum statutory damages, actual damages, plus attorneys' fees and costs.

### COUNT TWO
**(Violation of the Telephone Consumer Protection Act)**

22. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 21 as if set forth fully herein.

23. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT THREE
### (Violation of the Telephone Consumer Protection Act)

25. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 24 as if set forth fully herein.

26. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, of $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT FOUR
### (Invasion of Privacy)

28. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 27 as if set forth fully herein.

29. South Carolina state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff.

30. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to collect alleged debts.

31. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy.

32. The conduct of the Defendant in engaging in the systematic campaign of harassment by repeatedly telephoning the Plaintiff demonstrates Defendant's blatant and shocking disregard for Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

34. Additionally, as all of the acts undertaken and performed by the Defendant and its employees and/or agents were committed with malice, intent, wantonness, and/or recklessness, the Plaintiff is also entitled to punitive damages from the Defendant in an amount to be determined by a struck jury.

## COUNT FIVE
### (Negligent Training and Supervision)

35. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 34 as if set forth fully herein.

36. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

37. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the FDCPA, the TCPA, and/or South Carolina law.

38. Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

39. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT SIX
### Reckless and Wanton Training and Supervision

40. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 39 as if set forth fully herein.

41. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

42. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and in violation of the FDCPA, the TCPA, and/or South Carolina law.

43. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

44. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

**AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include the Plaintiff's actual damages, statutory damages of one thousand ($1,000.00) dollars for Plaintiff, as well as attorney's fees and costs;

B. Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

C. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phone by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

D. For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

E. For this matter to be heard by a jury; and

F. For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No 10323
William K. Geddings, Fed ID No 12584
Attorneys for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
will@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Of Counsel

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

(Restricted Delivery)
Portfolio Recovery Associates, LLC
c/o Steven D. Fredrickson - CEO
120 Corporate Blvd.
Norfolk, VA 23502.